## WILLIAMS *vs.* LITTLE.

A plea of usury may be amended, upon terms, after a demurrer, and a decision that the plea is bad.

ASSUMPSIT. The defendant filed a plea of usury, to which there was a demurrer, and the plea was adjudged insufficient. *Ante* 66. He subsequently moved for leave to amend his plea.

*Bell, & Livermore,* for the plaintiff.

*Bellows,* for the defendant.

PARKER, C. J. There have been cases in which it has been ruled, on a motion to amend a plea of usury, that leave would not be granted, if the plaintiffs would deduct from the debt claimed, the amount of the usury alleged to have been taken or secured. I have a distinct recollection of more than one case of that character, during the time I was at the bar. Upon enquiry, however, we do not find that this has generally been understood to be the settled practice of the court; and, standing as a mere *nisi prius* ruling, we think it should be overruled. So long as the laws of the state authorize a plea of usury, a defence of that character is entitled to the same consideration as a defence founded upon the statute of limitations, or the statute of frauds, or any other legal defence. It is not for the court to narrow the rights of the parties, by refusing leave to amend informal pleadings in one case, where under similar circumstances it would be granted in other cases. If we deemed usury laws inexpedient, it would be our duty, so long as the legislature permitted them to stand upon the statute book, to construe and administer them upon the same principles, and by the same rules of practice, that prevail in reference to other statutes.

The defendant has leave to amend upon such terms as will indemnify the plaintiff for the delay, to be settled hereafter.